# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1214V
### Filed: August 28, 2107
UNPUBLISHED

| | |
|---|---|
| TRACY SARMIENTO,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 28, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of her September 23, 2015 influenza ("flu") vaccination. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 2, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her GBS injury. On August 28, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $107,500.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $107,500.00 in the form of a check payable to petitioner, Tracy Sarmiento.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

TRACY SARMIENTO,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 16-1214V
Chief Special Master Nora Beth Dorsey
ECF

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 31, 2017, respondent filed his Rule 4(c) Report, in which respondent advised

that he did not contest petitioner's entitlement to compensation, and on June 2, 2017, the Court

entered its Ruling on Entitlement, finding petitioner entitled to compensation.  Respondent now

proffers that petitioner receive an award of a lump sum of **$107,500.00** in the form of a check

payable to petitioner.  This amount represents compensation for all elements of compensation

under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled. [1]

Petitioner agrees with the proffered award of $107,500.00. [2]

                Respectfully submitted,

                CHAD A. READLER
                Acting Assistant Attorney General

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2]  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

1

C.  SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated:  August 28, 2017